UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANGEL S. TURNER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | )   1:09-cv-1486-WTL-DKL |
| | ) |
| UNITED STATES OF AMERICA. | ) |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255, and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Angel S. Turner for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

In No. 1:07-cr-090-WTL-KPF-02, Turner entered a plea of guilty to charges of conspiring to possess with intent to distribute and distributed 50 grams or more of cocaine base (mixture) in violation of 21 U.S.C. ' ' 841(a)(1) and 846. The court accepted Turner=s plea on January 30, 2008, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* Turner was sentenced on April 18, 2008. Judgment of conviction was entered on April 25, 2008. No appeal was filed.

Turner=s motion for relief pursuant to 28 U.S.C. ' 2255 was signed on November 17, 2009, and placed in the prison mailing system on November 20, 2009. It was docketed on December 1, 2009. The United States has appeared in the action and argues that Turner=s motion was not timely filed and is barred by the waiver of post-conviction relief rights set forth in the plea agreement.

Turner's conviction became final on May 9, 2008, when her time to file a direct appeal expired. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with his Court on direct review, ' 2255's one-year limitation period starts to run when the time for seeking such review expires"). Using the one-year period from "the date on which the judgment of conviction becomes final" specified in 28 U.S.C. ' 2255(f)(1), to be timely, Turner's present motion would have to have been filed by May 11, 2009. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing), the date Turner placed her ' 2255 motion in the prison mail system was approximately six months after the ' 2255(f)(1) statute of limitations expired.

Turner asserts that the one-year limitation period applicable to her case is that of 28 U.S.C. ' 2255(f)(3), which begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In challenging her sentence, Turner relies on the decisions of *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261 (2009).

The United States argues that Turner's reliance on these decisions and on ' 2255(f)(3) is misplaced. The court agrees. *Kimbrough* was decided on December 10, 2007, and *Spears* was decided on January 21, 2009. *Kimbrough* was decided a year and a half before Turner signed her ' 2255 motion, so that decision could not render Turner's motion timely filed. If *Spears* was a case in which the Supreme Court newly recognized a right and was made retroactively applicable to cases on collateral review, then Turner's claim would be deemed timely. 28 U.S.C. ' 2255(f)(3). Unfortunately for Turner, *Spears* does not satisfy the requirements of ' 2255(f)(3) because it did not create a new constitutional right for criminal defendants, nor has it been held to be retroactive. *See Collier v. United States*, 2011 WL 703932 at **3-4 (E.D.Tenn. Feb. 17, 2011) (no court has made the *Kimbrough/Spears* line of cases retroactively applicable on collateral review). *Kimbrough* did not announce a new rule of law, but only reiterated *Booker's* holding that the guidelines are advisory. *Id. Spears* reaffirmed *Kimbrough* and under 2255(f)(3), the statute of limitations begins to run only from the date of the decision in which there is an initial recognition of a right, not upon each case reaffirming the right. *Delcid v. United States*, 2010 WL 2812911, at *1 (D.Md. July 8, 2010); *see also Latta v. United States*, 2010 WL 2593530 (S.D.Ga. May 24, 2010) ("*Spears* merely reaffirmed earlier case law and thus does not constitute a new right that has been made retroactively applicable to cases on collateral review.") (citing cases); *Wright v. United States*, 2010 WL 2035145, *2 (M.D.Fla. May 21, 2010)("[T]he Supreme Court recognized no new right in *Spears.*")(citing cases).

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. ' 2255 passed without such a motion having been filed, even after having considered the filing deadline based on the newly recognized right provision of 28 U.S.C. ' 2255(f)(3). The court need not discuss the additional defense of the plea waiver

bar. Because the pleadings and the expanded record show that Turner=s ' 2255 action was not timely filed, and because no adequate excuse for that untimely filing has been shown, her motion for relief pursuant to 28 U.S.C. ' 2255 must be **denied** without the court reaching the merits of her underlying claims. Judgment consistent with this Entry shall now issue.

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2255 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Turner has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**


Date:  09/23/2011

*(signed)* William T. Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana